| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

RONALD DARNELL CEPHUS, JR., §
TDCJ 1318675, §
§
    Plaintiff, §
§
v. § CIVIL ACTION H-09-3787
§
CHIEF HAROLD L HURTT, §
§
    Defendant. §

## Opinion on Dismissal

    Ronald Darnell Cephus sues Houston Police Chief Harold L Hurtt, Officers Dennis L. Mattias and Raymond J. Berger, Sgt. P.G. Manzo, Harris County District Clerk Loren Jackson, Records Clerk Denise Jenning, and Sheriff's Deputy Andy Garcia. Cephus sues for civil rights violations under 42 U.S.C. § 1983. He moves to proceed as a pauper.

    Cephus claims Houston police officers arrested him on August 26, 2004, without an arrest warrant and without probable cause to arrest him. In a definite statement, he says that at the time of his arrest he knew the officers had no probable cause and no arrest warrant (13, p. 5).

    The limitation period for section 1983 cases in Texas is two years. *Owen's v. Okure*, 488 U.S. 235 (1989); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). The limitation period starts when the plaintiff knows about the injury or has reason to know about it. *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980). A plaintiff need not realize that a claim exists; he need only know the facts that would support a claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). The limitation period starts when the plaintiff "has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge." *Id.*

    The limitation period started, at the latest, on August 26, 2004 and ended on August 26, 2006. Cephus sued on November 19, 2009. Cephus sued more than three years after the statute of limitations expired. Cephus's conclusory claim in his amended complaint (12), that Harris County

clerks denied him access to public information, does not show a constitutional violation.

This case is dismissed as late. Because Cephus sued after the statute of limitations expired, he fails to state a claim on which relief may be granted. *See Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). The clerk will send a copy to the Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Three-Strikes List, and to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793.

Signed April 8, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge